# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

CARLOS MAYS, )
)
          Petitioner, )
)
    vs. )     3:09-cv-284
)
SUPERINTENDENT, )
)
        Respondent. )

## OPINION and ORDER

Indiana Prison Rule B-213 makes it a violation of prison rules to engage in acts of intimidation. Petitioner Carlos Mays was found guilty of that violation and was docked 15 days of good time credit as a result. The sentence issued by the disciplinary hearing board was suspended, so if Mays had been able to remain free of another conduct report for six months, this sanction would never have been imposed. But alas he wasn't able to keep clean. So the violation of Rule B-213 has resulted in the lengthening of the duration of his confinement. He raises four grounds for relief in this habeas corpus proceeding challenging the actions of the disciplinary board.

First, Mays argues that there was insufficient evidence to find him guilty of intimidation. He argues that at most he should have been found guilty of insolence and that the DHB decision was based on hearsay. As for the hearsay argument, it is a nonstarter. Findings by a prison disciplinary board may be based on hearsay because "one cannot automatically apply procedural rules designed for free citizens in an open society . . . to the very different situation presented by a disciplinary proceeding in a state prison." *Wolff v. McDonnell*, 418 U.S. 539, 550 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of

rights due a defendant in such proceedings does not apply." *Id.* at 556. Therefore the use of hearsay evidence during a prison disciplinary hearing does not violate due process. *Jackson v. Carlson*, 707 F.2d 943, 948 (7th Cir. 1983).

In evaluating whether there is adequate evidence to support the findings of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). This means that even a conduct report alone can provide sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id.* (quotations marks and citation omitted).

Here, the Conduct Report was written by Counselor Kelly Voss, the victim of the intimidation. In relevant part it says that Mays "was standing in his doorway talking with another offender and said, 'They don't know me. I am a violent offender and I am going to slap the shit out of that bitch counselor until they move me.'" [DE 16-1 at 1.] It concludes by saying, "I left the unit . . . because I was afraid of Offender Mays." [*Id.*] This is all the evidence that was needed to find Mays guilty of intimidation.

Mays' second and third grounds are that he was denied a fair review of his appeal by the superintendent and the Final Reviewing Authority. Though *Wolff* requires several rights related to the disciplinary hearing itself, *Wolff* does not provide for any procedural rights on appeal, nor even for a right to appeal at all. "*Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns . . . not to

add to the procedures required by *Wolff*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners." *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Therefore, habeas relief is not available based on how his appeal was handled.

Finally, Mays argues that he was denied a full, impartial hearing because it was conducted by only one person rather than by a three member board. *Wolff* requires one impartial decision maker; not more than one. Mays presents no explanation for why he believes that his hearing was incomplete or biased other than that there should have been two more adjudicators. "Adjudicators are entitled to a presumption of honesty and integrity," *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003), without regard to whether they work alone or in groups of three. The number of judges simply has no bearing on whether Mays was afforded a full, impartial hearing. Therefore, he has not demonstrated that he is entitled to habeas corpus relief.

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.

**SO ORDERED.**

ENTERED: February 18, 2011

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT